IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 06-2607 MCA |
| | § | |
| MICHAEL ANDREW MORALES, | § | |
| | § | |
| Defendant. | § | |

**MR. MORALES' MOTION FOR SUPPRESSION OF
EVIDENCE AND INCORPORATED MEMORANDUM**

MICHAEL ANDREW MORALES, Defendant, by and through the undersigned appointed counsel, Marc H. Robert, Assistant Federal Public Defender, moves the Court for the suppression of evidence set forth below, and in support of his motion would respectfully show the Court as follows:

1.      Mr. Morales is charged by indictment filed on December 21, 2006 with possession of more than 500 grams of cocaine with intent to distribute it. Mr. Morales was arraigned on January 4, 2007, and entered a not guilty plea to the single count of the indictment. Trial is scheduled for February 26, 2007. Pretrial motions are due on January 24, 2007. Mr. Morales is presently free on conditions of release.

2.      The undersigned attempted without success to confer with Assistant United States Attorney Amanda Gould. However, given the nature of the motion, it is presumed that the government opposes this motion.

3.      Mr. Morales requests an evidentiary hearing on this motion.

MOTION FOR SUPPRESSION OF EVIDENCE - PAGE 1

4. In connection with the requested evidentiary hearing and if the Government does not otherwise disclose the information, Mr. Morales further requests, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, that the government disclose to defense counsel at least forty-eight hours before the hearing any statements, including grand jury testimony, of suppression hearing witnesses. This request is made to avoid delays in the conduct of the hearing which would result if counsel is required to seek multiple recesses to review materials provided by the government at the hearing.

5. Mr. Morales requests the opportunity to raise any other motions and arguments the need for which may arise from based on the evidence that may be developed during any evidentiary hearings in this case.

## FACTS

6. Mr. Morales was driving to Cloudcroft, New Mexico to spend time with a friend. With him was his girlfriend. At the checkpoint on Highway 54, Mr. Morales answered the agent's questions as to his citizenship and destination. Although there was no basis for a suspicion that Mr. Morales was carrying contraband or otherwise engaged in illegality, the agent asked for consent to have a drug detecting dog check the car. Mr. Morales gave that consent, but did not consent to have the dog actually enter the passenger compartment of the vehicle. He also gave no consent for a search of the vehicle. He was referred for secondary inspection and pulled over as directed by the agent.

7. In the complaint filed at the beginning of this case, the case agent stated under oath that the border patrol agent saw no luggage in the vehicle, giving rise to suspicion. There

were several pieces of luggage in plain view in the back seat of the vehicle. The border patrol agent's statement is patently false, and the sworn complaint is likewise false in that regard.

8. The drug detecting dog was escorted around the vehicle by officers and made no sign or alert. The dog was then placed inside the car, and again made no sign or alert.

9. Notwithstanding the absence of any alert by the dog, and without consent from Mr. Morales, agents searched Mr. Morales' car. They found cocaine concealed inside a compartment believed to have been below the driver's side door. The cocaine was wrapped in various kinds of packaging and sealed in black tape.

10. In addition to the cocaine, agents seized other evidence, including without limitation a cell phone.

11. Mr. Morales made no statements to agents.

12. All evidence seized as a result of that search should be suppressed.

**ARGUMENT AND AUTHORITY**

    **1.    The Agent's Referral of Mr. Morales for Secondary Inspection Was Not Supported by Reasonable Suspicion.**

13. Detention of an individual beyond a routine checkpoint stop must be based on probable cause. *United States v. Massie*, 65 F.3d 843, 848 (10th Cir. 1995); *United States v. Preciado*, 966 F.2d 596, 598 (10th Cir. 1992). In order for there to have been reasonable suspicion to support the referral to secondary inspection, there must have been some objectively determinable justification. *United States v. Cantu*, 87 F.3d , 1118, 1121 (10th Cir. 1996).

14.     The agent was presented with a situation providing no objective justification supporting reasonable suspicion.  The referral to secondary inspection was therefore unconstitutional.  Any evidence seized as a result of that referral must be suppressed as the fruit of a tainted tree.  *Wong Sun v. United States*, 371 U.S. 471 (1963).

**2.      The Warrantless Search of Mr. Morales's Vehicle was Illegal Because it was Not Supported by Consent, Exigency or Probable Cause.**

15.     Border Patrol Agents are permitted to briefly detain a vehicle in the absence of individualized suspicion at a reasonably located permanent checkpoint.  *United States v. Martinez-Fuerte*, 428 U.S. 543, 545, 562, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Badilla*, 383 F.3d 1137, 1141 (10th Cir. 2004), *rev'd on other grounds* 543 U.S. 1098 (2005), *conviction aff'd* 419 F.3d 1128 (10th Cir. 2005), *cert. denied* 126 S.Ct. 1344 (2006).  However, consent or probable cause is required in order to search a vehicle so detained.  *See United States v. Rosborough*, 366 F.3d 1145, 1152 (10th Cir. 2004); *United States v. Nielsen*, 9 F.3d 1487, 1489 (10th Cir. 1993); *United States v. Badilla*, *supra*.

16.     Here, there was neither consent nor probable cause.  The warrantless search of Mr. Morales's vehicle was unconstitutional.  All evidence seized as a result of that search must be suppressed.

17.     A search of the vehicle driven by Mr. Morales was subsequently conducted, and approximately 1.25 kilograms of cocaine was found in the vehicle as noted above.  Mr. Morales was interrogated by law enforcement officers and invoked his Constitutional rights.

Because the search of Mr. Morales's vehicle was the result of the illegal detention, all evidence seized as a result of the search of the vehicle must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963); *see also Dunaway v. New York*, 442 U.S. 200 (1979).

**WHEREFORE**, for the foregoing reasons, MICHAEL ANDREW MORALES, Defendant, respectfully prays that the Court suppress all of the evidence obtained as a result of the unconstitutional search of the vehicle as related herein, and grant such other and further relief to which the Court may find Mr. Morales to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM  88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically January 24, 2007*
MARC H. ROBERT
Assistant Federal Public Defender
Las Cruces Office

*Counsel for Mr. Morales*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Suppress Evidence was served on Assistant United States Attorney Amanda Gould, 555 Telshor, Suite 300, Las Cruces, New Mexico, 88011, by placing it in the box designated for the United States Attorney's Office at the United States District Court Clerk's office on January 24, 2007.

*Filed electronically January 24, 2007*
MARC H. ROBERT

L:\Robert\morales\suppress mot.wpd